**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alvaro BECERRA, Defendant—Appellant.**

No. 03–10340.

D.C. No. CR–87–398–MHP.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 22, 2003.

John Kennedy, Hannah Horsley, USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Alvaro Becerra, pro se, Miami, FL, for Defendant–Appellant.

Before GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM**

Alvaro Becerra, a federal prisoner, appeals pro se the denial of his motion to correct an illegal pre-Guidelines sentence pursuant to former Fed.R.Crim.P. 35(a) on the ground that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the jury made no findings as to drug quantity, and his 40–year sentence exceeded the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C). The new constitutional rule of criminal procedure announced in *Apprendi* does not apply retroactively on collateral review. *United States v. Sanchez–Cervantes*, 282 F.3d 664, 671 (9th Cir.2002). Becerra contends that a Rule 35(a) motion does not seek collateral review, but rather should be considered a part of the direct appeal process. This contention lacks merit because Becerra's direct appeal is long past, and his sentence has long been final. *See Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (new constitutional rules of criminal procedure not applicable to cases "which have become final before the new rules are announced").

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.